Filed 10/1/25  P. v. Curiel CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN ALONSO CURIEL,<br><br>    Defendant and Appellant. | F089370<br><br>(Super. Ct. No. VCF170009A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, Christina H. Simpson, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Petitioner Juan Alonso Curiel petitioned the trial court for resentencing pursuant to Penal Code section 1172.6.**1**  The trial court summarily denied the petition on the ground the court previously denied a section 1172.6 petition brought by petitioner, and the denial was affirmed on appeal.  (See *People v. Curiel* (July 9, 2024, F081143) [nonpub. opn.].)

Petitioner contends the petition was improperly denied as to his attempted murder convictions, which were not addressed on the merits in the prior petition or appeal.  He contends he is entitled to resentencing on these convictions.  The People concede the court's rationale was erroneous, inasmuch as petitioner's attempted murder convictions were not addressed previously, but nonetheless argue the petition was properly denied because petitioner is ineligible for resentencing on his attempted murder convictions as a matter of law.

We reverse based on the People's concession that the trial court's stated basis for the denial was erroneous.  We decline to consider petitioner's eligibility for resentencing on his attempted murder convictions in the first instance and instead remand to the trial court for further proceedings.

## PROCEDURAL BACKGROUND[2]

"A jury found [petitioner] guilty of one count each of first-degree murder (. . . § 187, subd. (a)) and shooting at an occupied motor vehicle (§ 246) and five counts of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664).  The jury found true as to each count a criminal-street-gang allegation (§ 186.22, subd. (b)), a personal-and-intentional discharge-of-a-firearm-by-a-principal allegation (§ 12022.53, subds. (c), (e)(1)), and a personal-and-intentional discharge-of-a-firearm-by-a-principal-

---

**1** Undesignated statutory references are to the Penal Code.

**2** We dispense with a statement of facts as the facts underlying petitioner's convictions are not relevant to our disposition.

2.

causing-great-bodily-injury-or-death allegation (§ 12022.53, subds. (d), (e)(1)) and found true as to the first-degree murder a discharge-of-a-firearm-from-a-vehicle special-circumstance allegation (§ 190.2, subd. (a)(21)[)] and a criminal-street-gang special-circumstance allegation (§ 190.2, subd. (a)(22)).  The trial [court] sentenced him to an indeterminate term of life without possibility of parole on the murder, to a concurrent 25[ years]-to-life term on the personal-and-intentional discharge-of-a-firearm-by-a-principal-causing-great-bodily-injury-or-death enhancement, and to a concurrent 25[ years]-to-life term on each of the attempted willful, deliberate, and premeditated murder counts."[3]  (*People v. Curiel*, *supra*, F055935, fns. omitted.)  On appeal, this court affirmed.  (*Ibid.*)

On May 1, 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to former section 1170.95.[4]  Counsel was appointed to represent him.  As relevant here, the People opposed the petition on the ground the jury's true finding on discharge of a firearm from a vehicle special circumstance allegation established the jury found petitioner acted with intent to kill.

The matter was heard on April 20, 2020.  Petitioner's counsel orally waived petitioner's presence at the hearing.  The People again argued that the jury's intent-to-kill

---

[3] Petitioner's codefendant, Miguel Carisalas, was charged in the same information as petitioner, but the trial court granted both defense motions to sever.  (*People v. Curiel* (Aug. 11, 2009, F055935) [nonpub. opn.].)

[4] At the time petitioner filed his petition, former section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder.  (Former § 1170.95, subd. (a).)  However, former section 1170.95 later was amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."  (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 1, subd. (a).)  These amendments took effect on January 1, 2022.  Former section 1170.95 was later renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

finding placed petitioner outside the scope of section 1172.6. The trial court agreed and denied the petition on that basis. (*People v. Curiel*, *supra*, F081143.)

On appeal, we held petitioner was ineligible for resentencing on his murder conviction because the jury instructions and verdict "foreclose[d] any possibility that petitioner was convicted under an imputed malice theory eliminated by Senate Bill No. 1437." (*People v. Curiel*, *supra*, F081143.) Accordingly, we affirmed the trial court's denial of the petition. We declined to address petitioner's attempted murder convictions because petitioner had not sought relief on these convictions in the trial court. We stated, "[P]etitioner may file a separate petition for resentencing on his attempted murder convictions in the trial court, if desired. Petitioner retains any remedies available to him in the trial court." (*Ibid*.)

Petitioner filed a new petition for resentencing pursuant to section 1172.6 on January 8, 2025. The court file notes, "No action required," and "No action taken" on the petition.

Petitioner filed another petition for resentencing pursuant to section 1172.6 on January 31, 2025. On the same date, the court summarily denied the petition stating, "[Petitioner] has already petitioned for relief under [section] 1172.6. The trial court denied relief and the denial was affirmed on appeal."

This timely appeal followed.

## DISCUSSION

### I. Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person

4.

was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder and/or attempted murder convictions. (§ 1172.6, subds. (c), (d)(1).)

We review the court's prima facie determination de novo. (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268.)

## II. The Court Erred in Denying the Petition as Having Already Been Ruled Upon

As the parties agree, the court's rationale for denying the petition for resentencing on petitioner's attempted murder convictions was erroneous.  Petitioner did not previously seek relief on these convictions, the trial court did not deny a prior petition relating to these convictions, and this court did not affirm any such denial.  The court erred in denying the petition on this basis.

Nonetheless, the People ask us to affirm the trial court's order on the ground petitioner is ineligible for resentencing as a matter of law.  Petitioner disputes his ineligibility for resentencing.

Pursuant to section 1172.6, subdivision (c), the trial court was required to hold a hearing to determine whether petitioner made a prima facie case for relief on his convictions for attempted murder.  (§ 1172.6, subd. (c).)  The trial court is statutorily mandated to make this determination in the first instance.  (*Ibid.*)  Although we may affirm on any ground supported by the record (*People v. Camacho* (2022) 14 Cal.5th 77, 123–124), we decline to relieve the trial court of its statutorily mandated responsibilities in the circumstances presented here.

The trial court erroneously determined petitioner was not entitled to a ruling on the merits because the issues raised in the petition were previously ruled upon.  Accordingly, we reverse the order denying the petition and remand for the court to determine whether petitioner has made a prima facie case for relief.  (§ 1172.6, subd. (c).)

## DISPOSITION

The court's January 31, 2025 order denying the petition for resentencing is reversed and the matter is remanded for further proceedings consistent with this opinion.